**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Chaim Ovitsh,<br>individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>   -v.-<br>National Enterprise Systems, Inc.; Distressed Asset Portfolio III, LLC; and Unifund CCR, LLC.<br>           Defendants. | Case No.: 1:21-cv-4198<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chaim Ovitsh ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants National Enterprise Systems, Inc. ("NES"), Distressed Asset Portfolio III, LLC ("DAP"), and Unifund CCR, LLC ("Unifund"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection

1

practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id*. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant NES is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. NES has an address at 29125 Solon Road, Solon OH 44139.

10. Upon information and belief, Defendant NES is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant DAP is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. DAP has an address for service of process at Corporation Service Company, 80 State Street, Albany, New York, 12207.

13. Upon information and belief, Defendant DAP is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

14. Defendant Unifund is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

15. Unifund has an address for service of process at 10625 Techwoods Circle, Cincinnati OH 45242.

16. Upon information and belief, Defendant Unifund is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

17. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

18. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

19. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom NES sent an initial collection letter;

  c. on behalf of Unifund;

  d. attempting to collect a consumer debt;

  e. which debt was owned by DAP;

  f. that provides conflicting amounts for the charged-off debt and current balance;

  g. without explanation of the difference, or that lists a zero-dollar amount for items that could have added to or subtracted from the balance since charge-off;

  h. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

20. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

21. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

22. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

23. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

24. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel

have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

25. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

27. Plaintiff repeats the above allegations as if set forth here.

28. Some time prior to March 3, 2021, an obligation was allegedly incurred by Plaintiff to non-party Citibank NA ("Citibank").

29. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes, specifically personal credit card purchases.

30. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

31. Citibank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

32. According to the Letter described below, DAP now owns the Citibank debt.

33. According to the Letter described below, Unifund is the servicer for the Citibank debt.

34. According to the Letter described below, Unifund placed the Citibank debt with NES to collect thereon.

35. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

*Violation – March 3, 2021 Collection Letter*

36. On or about March 3, 2021, Defendants sent Plaintiff an initial collection letter regarding the alleged debt originally owed to Citibank. See Letter attached as Exhibit A.

37. The collection letter states:

> The total amount of debt due as of charge off: $23,500.76
> The total amount of interest accrued since charge off: $ 0.00
> The total amount of non-interest charges or fees accrued since charge off: $ 0.00
> Total amount of payments and credits made on the debt since the charge off: $ 0.00 […]
>
> **Balance: $23,214.32**

38. Plaintiff disputes the amounts alleged as owed on this debt.

39. The letter lists the "total amount of debt due as of charge off" as $23,500.76.

40. The letter then lists the "The total amount of interest accrued since charge off" as $0.00.

41. The letter then lists the "The total amount of non-interest charges or fees accrued since charge off" as $0.00.

42. The letter then lists the "Total amount of payments and credits made on the debt since the charge off" as $0.00.

43. The letter then states that the "Balance" is $23,214.32.

44. This is a difference from the charge-off amount of $286.44.

45. The Letter is nonsensical.

46. It is not possible for the change-off balance and current balance to be different no amounts were added or subtracted in the interim.

47. Every category of amount that could have affected the charge-off amount is listed as $0.00.

48. The Letter has a calculation error.

49. The Letter makes is seem that the amount currently due is more than is in fact due.

50. The Letter led Plaintiff to believe that Defendants were seeking more than she owes.

51. Alternatively, one or more of the zero-dollar amounts stated for "total amount of interest accrued since charge off", "total amount of non-interest charges or fees accrued since charge off", or "Total amount of payments and credits made on the debt since the charge off" are incorrect.

52. Plaintiff is therefore unable to evaluate how much the actual debt being collected is for or how, why, or if it has changed, or is stated incorrectly.

53. It is deceptive to state a zero-dollar sum for an amount that in reality is greater than zero dollars.

54. Plaintiff is unable to determine why the amount being demanded changed from the amount of the debt due at charge off if nothing was added or subtracted in the interim.

55. If in fact the balance did not change post charge-off, then it is deceptive to state a larger balance due.

56. If interest or charges or fees were added, or if payments or credits were made, since charge-off, it is deceptive to state a zero-dollar amount for those.

57. If interest or charges or fees were not added and if payments or credits were not made since charge-off, then it is deceptive to state different balances at charge-off and currently due.

58. Because of the conflicting amounts listed, the letter also fails to clearly state the amount of the debt.

59. Plaintiff did not know how to handle the Letter.

60. Due to Defendants' actions, Plaintiff expended time and money in determining the proper course of action in response.

61. But for Defendants' improper actions, Plaintiff would not have done so.

62. Defendants' Letter also prevented Plaintiff from making payment as the amounts stated did not add up.

63. Due to Defendants' actions, the funds Plaintiff could have used to pay all or part of the alleged debt were therefore spent elsewhere.

64. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

65. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

66. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm as described above and, inter alia, because the

FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

67. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

68. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

69. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

70. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

71. Plaintiff repeats the above allegations as if set forth here.

72. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

73. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. Defendant violated said section by:

   a. Making a false and misleading representation in violation of §§ 1692e and 1692e (10) by providing conflicting amounts for the alleged debt and its component parts;

10

b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

75. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

76. Plaintiff repeats the above allegations as if set forth here.

77. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

78. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

79. Defendant violated this section by unfairly stating conflicting amounts for the debt and its component parts.

80. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

81. Plaintiff repeats the above allegations as if set forth here.

82. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

83. Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must identify the amount of the debt.

84. Defendants violated this section by failing to provide the amount of the debt.

85. Alternatively, Defendants violated this section by failing to clearly state the amount of the debt.

86. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

87. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chaim Ovitsh, individually and on behalf of all others similarly situated, demands judgment from Defendants NES, DAP, and Unifund as follows:

  i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

  ii. Awarding Plaintiff and the Class statutory damages;

  iii. Awarding Plaintiff and the Class actual damages;

  iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  v. Awarding pre-judgment interest and post-judgment interest; and

  vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

<table>
<tr><td>Dated: July 27, 2021</td><td>Respectfully submitted,<br><br>/s/ Eliyahu Babad<br>By: Eliyahu Babad, Esq.<br>Stein Saks, PLLC<br>One University Plaza, Suite 620<br>Hackensack, NJ 07601<br>Phone: (201) 282-6500 ext. 121<br>Fax: (201) 282-6501<br>EBabad@SteinSaksLegal.com<br><br>*Attorneys for Plaintiff*</td></tr>
</table>